Anthony MULLINS *v.* STATE of Arkansas

03-1393                                         198 S.W.3d 504

Supreme Court of Arkansas
Opinion delivered November 18, 2004

*Sam T. Heuer*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Chief Justice. Anthony Mullins was charged in Faulkner County Circuit Court with possession of gambling devices. The jury found him not guilty by mistake of law, and the trial judge ordered the machines forfeited. Mullins appeals, alleging: (1) the trial court erred in holding Ark. Code Ann. § 5-66-101 (Supp. 2003) constitutional, and (2) the trial court's ruling in ordering the machines to be forfeited was clearly erroneous. We find his appeal is without merit and affirm.

Mullins owns and operates the Wild Rose Arcade ("Arcade") in Mayflower, Arkansas. On November 27, 2001, Faulkner County deputies, working undercover, investigated the Arcade for illegal gambling. One deputy returned the next day and questioned Mullins's daughter, Melany, about the operation of the Arcade.

On January 9, 2002, pursuant to a search warrant, approximately ninety of the Arcade's machines were seized, and Mullins was charged with ninety-nine counts of possessing a gambling machine, in violation of Ark. Code Ann. § 5-66-104 (Supp.

2003). On February 4, 2002, Mullins filed a motion seeking the return of his property. The trial court ordered the machines to be returned pending the outcome of the trial; however, after the State filed a motion for reconsideration, the trial court authorized the State to retain seven of the machines for the purpose of testing.

At a pretrial hearing on the motion, an Arcade employee and various players testified, saying they did not consider playing the games to be gambling and that they did not believe they were in violation of any law when playing the machines. Thomas Fricke, an expert witness, explained the difference between gambling devices and amusement devices, saying Mullins's machines removed the element of consideration required in the classical definition of gambling. Fricke added that the degree of skill required to play the games substantiates the claim that these are not gambling devices, as no skill is involved. The trial court found that the pertinent questions to submit to the jury were whether Mullins had notice, and whether the operation of the machines was illegal.

At a jury trial on February 18, 2003, and February 21, 2003, the State consolidated all charges into a single count of violating Ark. Code Ann. § 5-66-104, and the jury was given three possible jury instructions: not guilty; not guilty by mistake of law; and guilty. The verdict was not guilty by mistake of law. On April 17, 2003, the State filed a petition to seize Mullins's machines as contraband. The State argued that "a finding of mistake of law, as set forth in A.C.A. 5-2-206, indicates that the defendant engaged in conduct set forth in the charging document, in this case, setting up, keeping, or exhibiting any gaming device." When the court ruled that the machines were prohibited gambling devices, the State asked that the trial judge issue a warrant directing the seizure and destruction of the contraband, pursuant to Ark. Code Ann. § 5-5-101, which states, "the presiding judge shall seize the gambling devices because they are articles possessed under circumstances prohibited by law . . . [and] the judge shall destroy [the] contraband."

On April 21, 2003, the trial court issued an order to release $2,296.10 to Mullins, the amount seized in connection with this case, but made no mention of the machines. On June 13, 2002, the trial court issued its findings of fact and conclusions of law ordering that the machines were contraband in violation of Ark. Code Ann. § 5-5-101. The trial court granted the State's motion to seize and destroy the machines, but stayed the destruction pending appeal.

In his appeal Mullins argues that the trial court erred in holding Ark. Code Ann. § 5-66-101 constitutional, and that the trial court's ruling, ordering his machines to be forfeited to the State, was clearly erroneous. However, Mullins's reliance on the affirmative defense of not guilty by mistake of law precludes him from raising these points on appeal.

The trial court found that Mullins's machines were slot machines, and the jury found Mullins not guilty by mistake of law. In other words, the jury found that Mullins's machines were illegal gaming devices, but it accepted appellant's affirmative defense that his possession and operation of them was legally excused due to his reliance upon inapplicable law in operating the Arcade. Ark. Code Ann. § 5-2-206(c) states:

> It is an affirmative defense to a prosecution *that the actor engaged in the conduct charged to constitute the offense* believing that the conduct did not, as a matter of law, constitute an offense, if he acted in reasonable reliance upon an official statement of the law contained in . . .

(Emphasis added). Thus, by asserting the defense of mistake of law, appellant admitted that his machines were illegal.

After viewing photographs of the gaming devices at the pretrial hearing, the trial court stated:

> Looking at these, it looks to me like these are video slot machines, whatever name you put on them. And because you insert a little bit of skill, does it make it any difference than the skill it takes to make a decision on which card to hold and which card to fold in a video poker game . . . Well, it looks to me like on the surface that these are gambling machines. So you have to look then at the statute and see what it says . . . I don't think there's any question that playing these games — whether you call them games of chance or games of skill, it's — it's like they describe here. It's clear that the intent of using the credits to play the machine was to win or lose credits . . . That's a risk undertaken between the player and the business. A contest of chance whereby either the player or the business would be the winner . . . The question is then whether the Defendant in this case had notice that what he was doing was illegal.

While Mullins argues to this court that his machines are not slot machines, but are allowed under the Chuck E. Cheese Law, Ark. Code Ann. § 26-57-402 (Supp. 2003), he does not challenge

either the trial court's pretrial ruling that the machines were indeed slot machines or the jury's verdict that necessarily included a determination that the machines were illegal.

■■ Mullins argued the affirmative defense of not guilty by mistake of law. Ark. Code Ann. § 5-2-206(3)(e)(Repl. 1997) provides:

> A mistake of law other than as to the existence or meaning of the statute under which the defendant is prosecuted is relevant to disprove the specific culpable mental state required by the statute under which the defendant is prosecuted.

We cannot say the trial court erred in accepting the State's argument that Mullins's machines were the same as those ruled illegal in *Sharp v. State,* 350 Ark. 529, 88 S.W.3d 848 (2002). The assertion of the defense of mistake of law was, in this case, an admission that Mullins had engaged in illegal conduct. Because the jury found Mullins's machines were illegal, concurring with the trial court's conclusion that the machines were slot machines that are excluded from Ark. Code Ann. § 26-57-401 (Repl. 1997), the trial court did not err in ordering the machines forfeited and destroyed.

Affirmed.